[Civ. No. 52341. Second Dist., Div. Two. Oct. 2, 1978.]

GUS SWABY, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent.

**COUNSEL**

Dawn Tillman, Toby J. Rothschild, Warren D. Weinstein, Neil J. Roberts, Marsha L. Jones and Marvin E. Krakow for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Martin H. Milas, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Claimant Gus Swaby, a seasonal farm worker, was denied unemployment benefits by respondent California Unemployment Insurance Appeals Board (Board) and denied a writ of mandate by the trial court. On appeal, Swaby asserts he was available for work under Unemployment Insurance Code section 1253, subdivision (c), and therefore eligible for unemployment benefits.

FACTS

Swaby is a lifelong seasonal farm worker, employed from December 1 to June 30 during the four years preceding this action by David Freeman & Company, Inc., a grape grower in the Coachella Valley. Swaby, 75 years old, a union member of the United Farm Workers AFL-CIO (the union), obtained employment with Freeman each year through the union's hiring hall in the Coachella Valley. Freeman was the only grower in the Coachella Valley with whom the union had a collective bargaining agreement. Swaby is experienced in the pruning, thinning, picking, and

packing of grapes, prefers grape work to other types of farm labor, does not follow the crops (preferring instead to work solely for one employer), and lives in the farm labor camp while working. During the period July 1 to November 30 when there is no employment for grape workers in the Coachella Valley, Swaby lives at his residence in Burbank.

In August 1974 Swaby applied for unemployment benefits at his local unemployment office in the San Fernando Valley. Upon application, he was required to conduct an active, individual search for work under the Seek Work A requirement—which included both a check with the union hiring hall and independent pursuit of other possible employment. The alternative work-search requirement, Seek Work B, only required a union member to check periodically with his union hiring hall for employment. Seek Work B was not automatically given to all union members but was allowed only after the adequacy of the claimant's union employment services had been determined from a sourcebook in the unemployment office. When Swaby applied for benefits, his local unemployment office possessed no employment service information about his union. At all times Swaby's position has been that he is qualified only for grape field work. Between the time of his application for benefits in August and the administrative hearing in October, his search for work consisted solely of three trips to the union hiring hall in the Coachella Valley. Swaby did not apply for grape work in the San Bernardino County area, whose harvest season runs from September 1 to November 30.

At the October hearing the administrative referee found: claimant's collective bargaining agreement did not preclude an independent search for work; three trips to the union hiring hall did not constitute an active search for work under Seek Work A; claimant had an established pattern of not working during the July through November period; and claimant's efforts to obtain work were meager and avoided certain areas. On these findings the referee determined Swaby was not genuinely attached to a labor market and therefore not "available" for work during the off-season within the meaning of section 1253, subdivision (c). Respondent Board adopted and affirmed the referee's decision, and in May 1977 the trial court denied Swaby's petition for a writ of mandate ". . . solely upon the ground that the petitioner is a seasonal worker and during the off-season is deemed not to be available for work . . . ."

On appeal Swaby's primary contention is that he was available for work within the meaning of section 1253, subdivision (c) and therefore entitled to unemployment benefits during the off-season. Subsidiary to

and implicit in this general contention are the specific assertions: (1) Swaby was willing to accept suitable work; (2) Swaby was available to a substantial field of employment; (3) the trial court incorrectly presumed the unavailability of seasonal workers for employment during their off-season.

## DISCUSSION

A preliminary problem is that of scope of review. ■ When the facts before an administrative agency are uncontradicted, the trial court's determination of their legal effect involves solely a question of law. (*Aries Dev. Co.* v. *California Coastal Zone Conservation Com.* (1975) 48 Cal.App.3d 534, 545 [122 Cal.Rptr. 315].) In such instances, appellate review of the trial court's determination is not circumscribed by the substantial evidence rule, but amounts to an inquiry of law. (*A. H. Robins Co.* v. *Department of Health* (1976) 59 Cal.App.3d 903, 907 [130 Cal.Rptr. 901].) We therefore treat this appeal as a renewed petition for writ of mandate and draw our own legal conclusions from the undisputed facts in the cause. (Cf. *Smith* v. *County Engineer* (1966) 266 Cal.App.2d 645, 649 [72 Cal.Rptr. 501].)

Unemployment Insurance Code section 1253 sets forth five criteria a claimant must meet each week to collect unemployment compensation benefits. Central to a resolution of Swaby's claim are subdivisions (c) and (e),[1] which require that a claimant be available for work and that he search for suitable work. In October 1977 the Supreme Court declared that a person is "available for work" under section 1253, subdivision (c) if: (1) the claimant is willing to accept suitable work which he has no good cause for refusing; and (2) the claimant makes himself available to a substantial field of employment. (*Sanchez* v. *Unemployment Ins. Appeals Bd.* (1977) 20 Cal.3d 55, 67 [141 Cal.Rptr. 146, 569 P.2d 740].) We discuss these two aspects of Swaby's eligibility.

1. *Suitable Work.* ■ An unemployed person is not required to stand ready to accept any or all proffered employment as a precondition to receipt of unemployment benefits. Rather, a claimant may refuse

---

[1]Section 1253: "An unemployed individual is eligible to receive unemployment compensation benefits with respect to any week only if the director finds that:

" . . . . . . . . . . . . . .

"(c) He was able to work and available for work that week.

" . . . . . . . . . . . . . .

"(e) He conducted a search for suitable work in accordance with specific and reasonable instructions of a public employment office."

without fear of disqualification work which is "unsuitable" or which he has "good cause" to refuse. (Unemp. Ins. Code, §§ 1257, subd. (b), 1258, 1258.5; *Sanchez, supra,* 20 Cal.3d 55, 62-63.) █ Swaby contends, in effect, that by virtue of long experience and inclination only grape field work in the Coachella Valley is suitable for him, and that grape field work in San Bernardino County,[2] whose harvest season runs from September 1 to November 30, is too distant from his home. We think untenable the contention that the remoteness of the San Bernardino grape growers makes work there unsuitable for Swaby. Much of San Bernardino County is closer to Swaby's residence in Burbank than is the Coachella Valley. Furthermore, in view of the common practice of farm laborers in general and Swaby in particular to reside in farm labor camps at the grower's ranch during periods of field work, this argument lacks substance.

2. *Substantial Field of Employment.* The Unemployment Compensation Act is fundamentally ". . . designed to act as a buffer or hedge against the ravages of sudden and unexpected loss of one's livelihood. As the Legislature's declaration of policy states, the system of unemployment insurance is to provide 'benefits for persons unemployed through no fault of their own, and to reduce involuntary unemployment and the suffering caused thereby to a minimum. It is the intent of the Legislature that unemployed persons claiming unemployment insurance benefits shall be required to make all reasonable effort to secure employment on their own behalf.' " (*Zorrero* v. *Unemployment Ins. Appeals Bd.* (1975) 47 Cal.App.3d 434, 439 [120 Cal.Rptr. 855], citing Unemp. Ins. Code, § 100.) █ In accordance with this principle the claimant is required to make himself available to a "substantial field of employment." The claimant's availability for suitable employment, while initially self-delineated, must harmonize with the functions and needs of the economy—i.e.: the social demand for the work for which the claimant is reasonably fitted. (*Sanchez, supra,* 20 Cal.3d at p. 65.) The "substantial field of employment" test requires that a person "involuntarily unemployed" make a "reasonable search to secure employment" as a precondition of unemployment benefits.

█ Swaby's self-delineated field of suitable employment was grape-field work for growers under contract with the United Farm Workers

---

[2] The union did not have a collective bargaining agreement with any grower in San Bernardino County. While a claimant may not be required to take a position vacant by virtue of a labor dispute (§ 1259, subd. (a)), or to resign from a union (§ 1259, subd. (c)) or take a job under substantially less favorable conditions than those which prevail for similar work in the area (§ 1259, subd. (b)), there are no facts on the record which would eliminate San Bernardino as an employment market for Swaby's skills.

Union in the Coachella Valley. The union had one collective bargaining agreement with one grower, whose maximum employment period was seven months. Swaby specifically excluded: all other forms of labor in any locality; other field or harvesting work within a reasonable radius of his Burbank residence; and, specifically, grape field work in the San Bernardino Valley from September through November. Swaby's self-defined boundaries of suitable employment, limited in type, locality, and period of availability, restricted Swaby's availability to an economically insubstantial field of employment. In effect his self-imposed restrictions on suitability and area of employment, constituted a voluntary withdrawal from the employment market. While a seasonal worker is not precluded by the intermittent nature of his work from collecting unemployment benefits, he must make reasonable efforts to procure rationally related suitable employment, and may not sit by idly and collect unemployment benefits while awaiting his next cyclical work period.

■ Swaby's claim that he was not required to conduct an independent search for work under Seek Work A, but merely to report to his union hiring hall, likewise fails. True enough, Seek Work B allows a union member to fulfill job-search requirements by maintaining contact with his union hiring hall, but, as noted by the administrative referee, this less onerous search requirement is allowed only after an initial determination by the unemployment office that the union offers substantial employment services and facilities. Swaby's union did not operate a hiring hall in Los Angeles County but maintained one in the Coachella Valley—where there was no available work during the period Swaby sought unemployment benefits. To allow Swaby to comply solely with Seek Work B would amount to a grant of benefits at a time the claimant was making no effective search for work. (Cf. *Rubino* v. *Unemployment Ins. Appeals Bd.* (1974) 8 Cal.3d 405 [105 Cal.Rptr. 158, 503 P.2d 614].)

3. *Presumption.* Swaby asserts the trial court incorrectly presumed that a seasonal worker "is not in the labor market and is not available for work during the period in which he is customarily unemployed." Any such presumption could not affect the burden of producing evidence (Evid. Code, §§ 603, 604) and could arise only on an initial showing that claimant seeks benefits for a period during which he is *customarily* unemployed. Since the Board clearly carried its burden of proving that

Swaby did not hold himself available to a substantial field of employment, the error, if any, is immaterial.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied October 24, 1978, and appellant's petition for a hearing by the Supreme Court was denied December 27, 1978.