[Civ. No. 55870. Second Dist., Div. Five. Apr. 1, 1980.]

MARILYN ALEXANDER, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Appellant;
ST. JOSEPH'S MEDICAL CENTER, Real Party in Interest
and Respondent.

COUNSEL

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, Anne S. Pressman and Donald A. Robinson, Deputy Attorneys General, for Defendant and Appellant.

Nichols & Rose and LeAnne E. Maillian for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

OPINION

ASHBY, J.—Appellant California Unemployment Insurance Appeals Board appeals from a judgment granting a writ of mandate compelling the board to pay unemployment insurance benefits to respondent Marilyn Alexander. The board challenges the trial court's finding that respondent was available for work within the meaning of Unemployment Insurance Code section 1253, subdivision (c). We conclude substantial evidence supports the trial court's finding. (*Glick v. Unemployment Ins. Appeals Bd.* (1979) 23 Cal.3d 493, 503 [153 Cal.Rptr. 1, 591 P.2d 24].)

Respondent was employed as an X-ray technologist at St. Joseph's Medical Center. She terminated employment because she was and is allergic to cigarette smoke. Her employer, although having instituted a no-smoking policy in respondent's work area, did not enforce that

policy.[1] According to respondent's physician, respondent can engage in full-time work in her occupation if the conditions are smoke free.

Respondent had sought work in office facilities, hospitals and clinics and had found similar conditions of cigarette smoking as existed at St. Joseph's Medical Center. Respondent testified, "I have heard of a few general practitioners' offices that do not allow any smoking at all in their offices and I'm continuously telephoning areas, offices and clinics in the area to find out if there's any work available or anything that will be opening soon."

## DISCUSSION

 Under the leading case of *Sanchez v. Unemployment Ins. Appeals Bd.* (1977) 20 Cal.3d 55 [141 Cal.Rptr. 146, 569 P.2d 740], the record amply supports the trial court's finding that respondent was available for work. In *Sanchez* the court established a two-step approach. Availability for work requires (1) that the claimant be willing to accept suitable work which she has no good cause for refusing and (2) that the claimant be available to a substantial field of employment. (*Id.*, at pp. 61-67; *Glick v. Unemployment Ins. Appeals Bd., supra*, 23 Cal.3d at p. 499.)

 The record shows that respondent has good cause for rejecting work where cigarette smoke is present because such work is not "suitable employment" since it would be injurious to her health. (Unemp. Ins. Code, § 1258; see *Sanchez v. Unemployment Ins. Appeals Bd., supra*, at p. 63.) Respondent is willing to accept, and is looking for, work where smoking is not permitted.

 The second element of the test "consists of the determination whether, after a claimant has restricted his market to 'suitable work which he has no good cause for refusing,' he remains available for work for which there is a substantial field of potential employers." (*Sanchez v. Unemployment Ins. Appeals Bd., supra*, at p. 65.) The purpose of this requirement is to assure that the claimant is "'attached to the labor

---

[1]The X-ray work area was divided by partitions which did not extend to the ceiling. Respondent testified that the X-ray staff and many doctors who entered the area violated the no-smoking policy, and that the smoke would travel throughout the department. There was no area she could go to get away from it.

market,'" i.e., that the suitable employment the claimant is willing to accept is work for which there is some social demand. (*Id.*) This test does not require that there be actual openings for such work, but simply a substantial potential employment field. (*Id.*, at pp. 66-67 & fn. 11; *Glick* v. *Unemployment Ins. Appeals Bd., supra*, 23 Cal.3d at pp. 502-505.)

■ Moreover, "once a claimant has shown he is available for suitable work which he has no good cause for refusing, the burden of proof on the issue of whether he is available to a 'substantial field of employment' lies with the department. If the department believes that a given claimant, despite his availability for such suitable work, is nevertheless not attached to a labor market of sufficient dimension, it may be expected to explain its position and support it with appropriate evidence." (*Sanchez* v. *Unemployment Ins. Appeals Bd., supra*, 20 Cal.3d at p. 71; fn. omitted; *Glick* v. *Unemployment Ins. Appeals Bd., supra*, 23 Cal.3d at pp. 504-505.)

■ The department did not satisfy its burden of proof on this issue. The department presented no evidence to contradict respondent's own testimony that there are medical offices where smoking is not allowed at all. (*Glick* v. *Unemployment Ins. Appeals Bd., supra*, 23 Cal.3d at p. 503.)

The department asserts that the field of potential employers who can provide the necessary working conditions is insubstantial, but presents no evidence to support that position. As between the department and respondent, the department clearly has the greater resources to prove its assertion, and that is why the department has the burden of proof. (*Sanchez* v. *Unemployment Ins. Appeals Bd., supra*, 20 Cal.3d at p. 71.) The department misplaces reliance upon *Swaby* v. *Unemployment Ins. Appeals Bd.* (1978) 85 Cal.App.3d 264 [149 Cal.Rptr. 336]. Contrary to the department's contention, *Swaby* did not relieve the department of its burden of proof but rather stated that the department had *carried its* burden in that case (*id.*, at pp. 271-272). There the worker voluntarily restricted his employment to grape field work for growers under contract with the United Farm Workers Union in the Coachella Valley. The evidence showed that there was only one such potential employer, whose maximum employment period was seven months. (*Id.*, at p. 271.) Here, on the other hand, there is no evidence that clinics, doctors' offices, or laboratories where a no-smoking policy

is enforced are insubstantial in number.[2] Respondent's own testimony indicated there are medical offices where smoking is not permitted, and the department having presented no evidence to the contrary or that such potential employers are insignificant in number, the trial court was amply justified in finding that respondent was available for work.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

---

[2]The department argues that respondent would restrict herself to work where no smoking is ever permitted throughout the building, including hallways, restrooms, and employee lounges. This argument takes the evidence out of context. Respondent's basic complaint was about her work area, and she only incidentally mentioned that there was no other area she could go to get away from the smoke. According to the hospital's theoretical policy, smoking was limited to lounges and smoking areas. Respondent indicated "that if rules were enforced, it certainly would be, or would have been . . . a much easier place to work. However, the rules were not enforced."